UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 11-80306-CIV-HURLEY

IN THE MATTER OF THE:

COMPLAINT OF WILLIAM J. RYAN, AS
OWNER OF THE MOTOR VESSEL
"THE QUARTERBACK"
(HIN # TLY346031181-82)
FOR EXONERATION FROM OR
LIMITATION OF LIABILITY.
_____/

ORDER DENYING MOTION FOR ISSUANCE OF LIMITATION INJUNCTION,
MONITION ORDER AND ORDER APPROVING SECURITY
&
& ORDER DISMISSING COMPLAINT WITHOUT PREJUDICE
FOR LACK OF STATUTORY STANDING AND FAILURE TO STATE A CLAIM

This matter is before the court on plaintiff William J. Ryan's verified complaint for exoneration from or limitation of liability pursuant to 46 U.S.C. §§ 30501 *et seq*., the Shipowner's Limitation of Liability Act ("the Act") and Federal Rule of Civil Procedure, Supplemental Rule F, governing Limitation of Liability actions [DE# 1]. The matter is also before the court upon the plaintiff's motion for issuance of a limitation injunction, monition and order approving plaintiff's security [DE# 6]. For reasons stated below, the court shall deny the plaintiff's motions and *sua sponte* dismiss the plaintiff's complaint without prejudice for lack of statutory standing and failure to state a claim.

## Background

Plaintiff alleges that he is the owner of a motor vessel named "The Quarterback," HIN #TLY346031181-82 ("the vessel"). On January 3, 2011, the vessel was docked at the Delray Harbor Club Marina in Delray Beach Florida, when it exploded and caught fire. According to

plaintiff, the sudden explosion and fire caused the death of one person aboard the vessel, and injured two others who were able to escape the fire. The explosion, fire and smoke also caused property damage to other vessels, the docks, a maritime business and buildings in the area. Plaintiff was aboard the M/V The Quarterdeck when it exploded, but avers "he was not at the helm, he was not operating the vessel's systems and took no action to cause the explosion." He also alleges that the cause of the sudden explosion remains undetermined, while maintaining that the explosion "was not caused or contributed to by any fault, neglect want of care or design" on his part.

Notably, the complaint alleges "on information and belief" that the plaintiff "anticipates" the filing of claims by individuals, businesses, property owners and other vessel owners for damage, property loss and injury resulting from the explosion, but does not allege that any claim has actually been asserted against plaintiff.

On this background, plaintiff comes before the court seeking exoneration from or limitation of liability pursuant to 46 U.S.C. § 30501 *et seq* of the Shipowner's Limitation of Liability Act. Alleging that the M/V Quarterdeck was totally destroyed by the explosion and fire, he claims that the value of the vessel and his interest in the vessel amount to "Zero Dollars and Zero Cents ($0.00)." In an accompanying Ad Interim Stipulation for Value, he agrees to deposit $1000.00 into the registry of the court together with interest at the rate of six percent per annum, purportedly representing security for a sum equal to his interest in the M/V The Quarterdeck, with request that the court approve this figure as the value of his interest in the vessel.

Finally, plaintiff seeks an injunction to enjoin the prosecution of any action or proceeding against him as owner of the vessel with respect to the incident in question, and asks the court to set a monition period during which all claimants must file claims in this court.

**Discussion**

The Limitation Liability Act of 1851, 46 U.S.C. § 30501 *et seq* allows a vessel owner to limit its liability for damage or injury arising from a maritime accident occasioned without the owner's privity or knowledge to the value of the vessel or the owner's interest in the vessel. Congress passed the Limitation Act in 1851 "to encourage ship building and to induce capitalists to invest money in this branch of industry." *Lewis v Lewis & Clark Marine, Inc.*, 531 U.S. 438, 446, 121 S. Ct. 993, 148 L. Ed.2d 931 (2001), citing *Norwich & NY Transportation Co v Wright*, 13 Wall. 104, 121, 20 L. Ed. 585 (1871).

In a typical limitation proceeding, the admiralty court determines whether the vessel owner is entitled to limited liability by undertaking a two-step analysis: First, the court must determine what acts of negligence or conditions of unseaworthiness caused the accident. Second, the court must determine whether the shipowner had knowledge or privity of those same acts of negligence or conditions of unseaworthiness. *See generally Suzuki of Orange Park, Inc. v Shubert*, 86 F.3d 1060 (11th Cir. 1996) and cases cited *infra*.

A shipowner may file an action for limitation of liability in the district court within six months after receiving written notice of a claim. 46 U.S.C. §30511(a); Supplemental Rule F(1). The six month prescriptive period requires the shipowner to act promptly to gain the benefit of the right to limit liability, and prevents the shipowner from waiting to file until the later stages of any state court litigation. *Exxon Shipping Co. v Cailletau*, 869 F.2d 843 (5th Cr. 1989).

The procedures governing Limitation Act proceedings are found in Rule F of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions ("Rule F"). Under Supplemental Rule F, a Limitation Act complaint must "set forth the facts on the basis of

which the right to limit liability is asserted." Supplemental Rule F(2).

When the owner brings such a suit and posts security in accordance with § 30511(b), the district court is authorized to stay all proceedings against the owner and to direct all potential claimants to file their claims against the shipowner in the district court within a specified period of time. The court may also enjoin the further prosecution of any actions against plaintiff or his property with respect to any claim pending determination of the petition for exoneration or limitation of liability. 46 U.S.C. §30511(c).

In this case, plaintiff contends that the Liability Act permits him to adjudicate his limitation claim in this court. The Liability Act permits a shipowner who receives written notice of a claim arising from a maritime incident to seek a limitation of his liability by filing an action in the district court within six months of receiving written notice of claim. However, in this case, plaintiff's claim is not brought by one who has received a written notice of claim. Instead, operating "on information and belief," plaintiff alleges that he "anticipates" there will be claims asserted against him by "individuals, businesses, property owners and vessel owners" for damage or loss resulting from the explosion and fire.

As one who merely "anticipates" a claim, plaintiff has not shown himself to be a person who has suffered an injury within the "zone of interests" intended to be protected by the statute or rule on which the limitation of liability claim is based. Accordingly, he lacks prudential or statutory standing to sue under the Act. *See e.g. In re Estate of Grandy*, 432 F. Supp. 2d 630, 632 (E.D. Va. 2006)("Limited liability proceedings became possible in this Court as soon as Plaintiff received written notice of a claim by Defendant against Plaintiff. Rule F(1)"). *See generally Conte Bros. Automotive Inc. v Quaker State-Slick 50, Inc.*, 165 F.3d 221 (3d Cir. 1998).

In addition, plaintiff's complaint is further defective for failure to set forth sufficient facts demonstrating plaintiff's entitlement to the protections extended under the Limitation of Liability Act. The complaint states in conclusory fashion m that the explosion and resulting damage was "done, occasioned and incurred without the privity or knowledge" of plaintiff; that he at all times exercised "due diligence" to make his vessel seaworthy in all respects; and that the explosion which caused the injury and damage "was not caused or contributed to by any fault, neglect want or care or design" on his part. However, he offers no facts to accompany these general legal conclusions.

Because he has not provided even the minimal facts necessary to suggest the potential absence of fault on his part, thereby making the limitation of liability possible, his complaint fails to meet the requirement of Supplemental Rule F(2) that a vessel owner seeking limitation of liability "set forth the facts on the basis of which the right to limit liability is asserted and all facts necessary to enable the court to determine the amount to which the owner's liability shall be limited." *See generally M/V Sunshine II v Whitaker*, 808 F.2d 762 (11th Cir. 1987)(allegation that cruiser and motor boat collided, that operator of cruiser was free from fault, and that all fault was on motor boat were insufficient to meet requirements of supplemental rule).

It is accordingly **ORDERED AND ADJUDGED**:

1. The plaintiff's motion for issuance of limitation injunction, monition order and order approving petitioner's security [DE# 6] is **DENIED**.

2. The plaintiff's complaint is *sua sponte* dismissed for lack of statutory standing and failure to allege sufficient facts demonstrating a basis for the requested exoneration or limitation of liability.

3. The plaintiff shall have leave to file an amended complaint which attempts to cure the deficiencies outlined above within **TEN (10) DAYS** from the date of entry of this order.

**DONE AND ORDERED** in Chambers at West Palm Beach, Florida this 12th day of April, 2011.

_____
Daniel T. K. Hurley
United States District Judge

cc.
All counsel